Mr. Chief Justice Johnson delivered the opinion of the Court. The record in this case discloses a summons issued by a justice of the peace of Yan Burén Township, in the count}*- of Crawford, at the suit of Alfred Wallace, directed to the constable of that township, and commanding him to execute it upon the steamboat Santa Fe, or its owners to appear, &c. The writ purports to have been served upon George Turner, master of said steamboat, by reading it in his hearing, &c. The justice, on the day set for the trial, proceeded to render a judgment by default upon the verdict of a jury against the steamboat. Turner, within fifteen days from the rendition of the judgment appeared before the justice and applied to have the judgment set aside, which was refused by the justice; whereupon he prayed an appeal from said judgment to the circuit court, which, upon his having filed his affidavit and appeal bond, as master of said boat, was duly allowed. The case was tried in the circuit court by a jury, verdict for plaintiff, and judgment against the boat, Turner and secuiity in the appeal bond. The question raised by the record is whether the proceeding is authorized by the law. The proceeding, as disclosed by the record, consists of an ordinary suit commenced and conducted according to the course of the common law, and resulting in a judgment against a steamboat directly as party defendant. The common law clearly never authorized a suit against a steamboat directly as such, nor against the master or owner thereof in that capacity. If by that law a party had a claim against the owner of a steamboat, he could only sue him individually and then subject his boat by a writ of execution precisely in the same manner as any other species of property. The proceeding, by which a steamboat, or the owners, masters, supercargoes or assignees thereof as such, can be directly subiected to the payment of debts, is solely and exclusively the creature of our statute authorizing the attachment of boats, vessels, &c., and contained in chap. 18, of the Digest. It is clear therefore, inasmuch as this was not a proceeding by attachment, but in strict accordance with common law, that no judgment could legally be taken against the steamboat as a substantive party and that consequently such judgment is a mere nullity. The steamboat being an impossible party under this form of procedure, it is clear that the justice could not exercise jurisdiction over her and as a matter of course the circuit court could not do so through the appeal. Under this view of the law we think the case ought tó be dismissed for want of jurisdiction. It is therefore considered and adjudged that this cause be remanded to the Crawford circuit court with instructions to said court to dismiss the same for want of jurisdiction.